**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4594**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

JAMES CALVIN EBRON, a/k/a Calvin James Ebron,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Greenville.  James C. Dever III,
Chief District Judge.  (4:11-cr-00045-D-1)

———————

Submitted:  March 14, 2013          Decided:  March 20, 2013

———————

Before KING, GREGORY, and WYNN, Circuit Judges.

———————

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

———————

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.   Jennifer  P.  May-Parker,  Assistant  United  States
Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Calvin Ebron appeals the 288-month sentence imposed after he pled guilty to conspiracy to distribute and possess with intent to distribute more than one kilogram of heroin and a quantity of marijuana and ecstasy, in violation of 21 U.S.C. § 846 (2006). Ebron's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether the government's notice of enhancement under 21 U.S.C. § 851 (2006) was defective. Ebron filed a supplemental pro se brief asserting that his drug addiction is a disability that is legally distinguishable from the crime of drug dealing. The Government has moved to dismiss the appeal as barred by Ebron's waiver of his appellate rights in the plea agreement. We affirm in part and dismiss in part.

We review the validity of an appellate waiver de novo and will uphold the waiver if it "is valid and . . . the issue being appealed is within the scope of the waiver." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). After reviewing the plea agreement and the Fed. R. Crim. P. 11 plea proceeding, we conclude that Ebron knowingly and voluntarily waived his right to appeal his sentence and that the sentencing issue raised on appeal is within the scope of that waiver.

Accordingly, we grant the government's motion to dismiss in part and dismiss the appeal as to Ebron's sentence.

Because Ebron did not waive the right to appeal his conviction, we deny the government's motion to dismiss in part. We have reviewed the record in accordance with Anders and conclude that Ebron knowingly and voluntarily entered a valid guilty plea. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Further, we have found no unwaived meritorious issues for appeal. Accordingly, we affirm Ebron's conviction.

This court requires that counsel inform Ebron, in writing, of the right to petition the Supreme Court of the United States for further review. If Ebron requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ebron. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART

3